IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Benjamin Lee,<br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Alan Wilson, *South Carolina Attorney General*,<br>　　　　　　Defendant. | Case No. 6:25-cv-13013-JDA<br><br>**OPINION AND ORDER** |

　　　　This matter is before the Court on Plaintiff's Complaint and a Report and Recommendation ("Report") of the Magistrate Judge. [Docs. 1; 9.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings.

　　　　On October 16, 2025, the Clerk docketed Plaintiff's Complaint in this action brought pursuant to 42 U.S.C. § 1983. [Doc. 1.] On October 17, 2025, the Magistrate Judge issued a Report recommending that the action be dismissed without issuance and service of process and without leave to amend. [Doc. 9.] The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. [*Id.* at 17.] The Clerk docketed objections from Plaintiff on October 29, 2025. [Doc. 11.]

　　　　The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may

accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

The Report explains several reasons why Plaintiff fails to adequately plead a claim and why, to the extent Plaintiff's claims are brought to challenge the charges pending against him or his present incarceration at the Greenville County Detention Center, his claims are barred by the *Younger* abstention doctrine. [Doc. 9 at 5–15.] In his objections, Plaintiff appears to challenge only the Magistrate Judge's conclusions (1) that Plaintiff's allegations are inadequate to state a claim under a theory of supervisory liability against Defendant, (2) that Magistrate Judges Seldon T. Peden and Ernest O'Brien would be entitled to dismissal on the basis of judicial immunity had they been named Defendants, (3) that Plaintiff's claims are barred by the *Younger* abstention doctrine, and (4) that Plaintiff adequately states a claim under the Racketeer Influenced and Corrupt Organizations Act. [Doc. 11.]

Nevertheless, out of an abundance of caution for the pro se Plaintiff, the Court has conducted a de novo review of the entire Report, the record, and the applicable law. Upon such review, the Court accepts the Report and Recommendation of the Magistrate Judge

and incorporates it by reference.  Accordingly, this action is DISMISSED without issuance and service of process, without leave to amend, and without prejudice.

    IT IS SO ORDERED.

s/ Jacquelyn D. Austin<br>United States District Judge

December 1, 2025
Greenville, South Carolina

## NOTICE OF RIGHT TO APPEAL

    Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.